FILED

**NOT FOR PUBLICATION**

NOV 25 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINXIANG ZHANG, | No. 11-73283 |
| Petitioner, | Agency No. A088-291-234 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

Jinxiang Zhang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Our

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Zhang established changed or extraordinary circumstances to excuse the delay in filing his asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (a)(5). Accordingly, Zhang's asylum claim fails.

Substantial evidence supports the BIA's adverse credibility finding based on Zhang's omission of a 1984 beating and detention from the written statement he submitted in support of his asylum claim, *see Zamonov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011), inconsistencies between his testimony and documentary evidence regarding his wife's employment, and the implausibility of his fear of sterilization if he returned to China, *see Shrestha,* 590 F.3d at 1048 (totality of the circumstances supported adverse credibility determination). In the absence of credible testimony, Zhang's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). In light of this credibility determination, we do not address Zhang's contentions regarding the merits of his claim.

Finally, we lack jurisdiction to consider Zhang's CAT claim because he did not exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**